IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL CASTONGUAY, | |
| Petitioner, | 8:22CV92 |
| vs. | |
| BARBARA LEWIEN, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on initial review of Petitioner Paul Castonguay's "Second Petition for Writ of Habeas Corpus" (filing 1) which has been docketed as a habeas petition brought pursuant to 28 U.S.C. § 2254.[1] The court will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral

---

[1] *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (recognizing that, as a practical matter, individuals in custody pursuant to a State court judgment can only obtain habeas relief through § 2254).

>review by the Supreme Court, that was previously unavailable; or
>
>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*.

This court's records reflect that Castonguay's petition is successive. He seeks relief from a state-court conviction and sentence which he has unsuccessfully challenged numerous times before. *See Castonguay v. Tecumseh Institution*, No. 4:11CV3145, 2012 WL 1118420 (D. Neb. Apr. 3, 2012) (dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice); *Castonguay v. Houston*, No. 4:13CV3094, 2013 WL 3167947 (D. Neb. June 20, 2013) (dismissing § 2254 habeas petition as successive); *Castonguay v. Department of Corr. Serv., et al.*, No. 4:15CV3004, Filing 10 (D. Neb., April 20, 2015) (dismissing § 2254 habeas petition as successive); *Castonguay v. Hansen*,

No. 8:18CV413, Filing 7 (D. Neb., January 3, 2019) (dismissing action brought under Rule 60(b)); *Castonguay v. Frakes*, No. 8:20CV65, Filing 6 (D. Neb., Feb. 27, 2020) (construing § 2241 petition as a § 2254 petition and dismissing petition as successive); *Castonguay v. Wasmer*, No. 8:20CV154, Filing 6 (D. Neb., Aug. 7, 2020) (dismissing § 2254 habeas petition as successive). Thus, Castonguay would be required to seek the permission of the Eighth Circuit Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Castonguay argues that he is not required to first obtain authorization to file this petition because he could not obtain "the alleged 'Brady' material" consisting of the victim's rape kit DNA testing results underlying his claim until after he filed his initial petition. (Filing 1 at CM/ECF p. 5.) However, Castonguay admits he discovered the DNA evidence between 2013 and 2015, and, in fact, Castonguay filed the DNA evidence attached to the present petition to his previous habeas petition filed in 2015. (*Compare* Filing 1 at CM/ECF pp. 16–20 *with* Filing 1-1 at CM/ECF pp. 16–20, Case No. 4:15CV3004). Thus, Castonguay's argument is unavailing because he has been aware of the DNA evidence at issue since at least 2015 and previously asserted claims for habeas relief from his conviction based on the DNA evidence and the state's failure to provide such evidence in his 2015 habeas petition. (Filing 1, Case No. 4:15CV3004.) *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

3

assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Castonguay has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that the habeas corpus petition (filing 1) is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued in this matter. The court will enter judgment by separate document.

Dated this 13th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge